NICHOLAS J. BOOS (SBN 233399)
nboos@maynardnexsen.com
MATTHEW A. CHIPMAN (SBN 332944)
mchipman@maynardnexsen.com
MAYNARD NEXSEN LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone: (415) 646-4700
Facsimile: (205) 254-1999

Attorneys for Defendant
SAFECO INSURANCE COMPANY OF AMERICA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS WRIGHT,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a corporation;<br><br>Defendants. | Case No. 2:23-cv-07056-GW-AJR<br><br>**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT** |

Defendant Safeco Insurance Company of America ("Safeco" or "Defendant"), by and through the undersigned counsel, submits this Answer to the Complaint ("Complaint") of Plaintiff Nicholas Wright ("Plaintiff"). Unless as expressly admitted herein, Defendant denies the material allegations of the Complaint and demands strict proof thereof. Defendant responds to the individually numbered allegations of the Complaint as follows:

1. In response to Paragraph 1, Defendant states that the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ.

Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

2. In response to Paragraph 2, Defendant denies the allegations.

3. In response to Paragraph 3, Defendant admits that Plaintiff is a resident of California.

4. In response to Paragraph 4, Defendant states that the allegations are vague.  Defendant denies the allegations.

5. In response to Paragraph 5, Defendant admits that it is a corporation organized and existing under the laws of New Hampshire, and that at all relevant times, it was authorized to transact business in the state of California.  Defendant states that the remaining allegations are vague and overbroad.  Except as expressly admitted, Defendant denies the allegations of Paragraph 5.

6. In response to Paragraph 6, Defendant states that the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant lacks sufficient information to form a belief as to the truth of the allegations and on that basis denies them.  In addition, Plaintiffs are not permitted under federal law to name "DOE" defendants.

7. In response to Paragraph 7,  Defendant admits that this Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. section 1332(a)(1) and Article III, Section 2, of the United States Constitution and personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4. Defendant admits that it issued an automobile insurance policy, policy number A3128901 for the policy period of May 7, 2017 to May 7, 2018, to Matthew Rivkin as the named insured and that the insurance policy applies subject to all of its terms, limitations, exclusions, and endorsements.  The policy speaks for itself.  Defendant lacks sufficient information and belief to form a belief as to the truth of the remaining allegations and on that basis denies them.

8. In response to Paragraph 8, Defendant admits that venue is appropriate in the United States District Court for the Central District of California pursuant to 28 U.S.C. ¶ 1391(b). Defendant lacks sufficient information and belief to form a belief as to the truth of the remaining allegations and on that basis denies them.

9. In response to Paragraph 9, Defendant admits that it issued an automobile insurance policy, policy number A3128901 for the policy period of May 7, 2017 to May 7, 2018, to Matthew Rivkin as the named insured and that the insurance policy applies subject to all of its terms, limitations, exclusions, and endorsements. Except as expressly admitted, Defendant denies the allegations of Paragraph 9.

10. In response to Paragraph 10, Defendant admits it issued an automobile insurance policy, policy number A3128901 for the policy period of May 7, 2017 to May 7, 2018, issued to Matthew Rivkin as the named insured and that the insurance policy applies subject to all of its terms, limitations, exclusions, and endorsements. The Policy speaks for itself. Except as expressly admitted, Defendant denies the allegations of Paragraph 10.

11. In response to Paragraph 11 (erroneously numbered "10"), Defendant admits that a claim was reported to Defendant regarding an alleged automobile accident occurring on October 22, 2017. Except as expressly admitted, Defendant denies the allegations of Paragraph 11.

12. In response to Paragraph 12 (erroneously numbered "11"), Defendant admits that it assigned claim number 129757176002 to the claim submitted to it arising out of the alleged October 22, 2017 automobile accident. Except as expressly admitted, Defendant denies the allegations of Paragraph 12.

13. In response to Paragraph 13 (erroneously numbered "12"), Defendant admits that attorney Jack Sogoyan faxed a letter, including attachments, dated August 14, 2018 to Defendant. Mr. Sogoyan's letter, including attachments, dated August 14, 2018 speaks for itself. Except as expressly admitted, Defendant denies

the allegations of Paragraph 13.

14. In response to Paragraph 14 (erroneously numbered "13"), Defendant admits that it sent a letter dated September 25, 2018 to Plaintiff's counsel, which letter speaks for itself. Defendant denies the remaining allegations.

15. In response to Paragraph 15 (erroneously numbered "14"), Defendant denies the allegations.

16. In response to Paragraph 16 (erroneously numbered "15"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, vague, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, denies the allegations.

17. In response to Paragraph 17 (erroneously numbered "16"), Defendant denies the allegations.

18. In response to Paragraph 18 (erroneously numbered "17"), Defendant denies the allegations.

19. In response to Paragraph 19 (erroneously numbered "18"), Defendant denies the allegations.

20. In response to Paragraph 20 (erroneously numbered "19"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

21. In response to Paragraph 21 (erroneously numbered "20"), Defendant denies the allegations.

22. In response to Paragraph 22 (erroneously numbered "21"), Defendant denies the allegations.

23. In response to Paragraph 23 (erroneously numbered "22"), Defendant denies the allegations.

24. In response to Paragraph 24 (erroneously numbered "23"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

25. In response to Paragraph 25 (erroneously numbered "24"),  Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

26. In response to Paragraph 26 (erroneously numbered "31"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

27. In response to Paragraph 27 (erroneously numbered "32"), Defendant incorporate by reference its responses to paragraphs 1 through 26, above, as though fully set forth herein.

28. In response to Paragraph 28 (erroneously numbered "33"), Defendant denies the allegations.

29. In response to Paragraph 29 (erroneously numbered "34"), Defendant denies the allegations.

30. In response to Paragraph 30 (erroneously numbered "35"), Defendant

states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations

31. In response to Paragraph 31 (erroneously numbered "36"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

32. In response to Paragraph 32 (erroneously numbered "37"), Defendant incorporates incorporate by reference its responses to paragraphs 1 through 31, above, as though fully set forth herein.

33. In response to Paragraph 33 (erroneously numbered "38"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant admits that the subject automobile insurance policy includes an implied covenant of good faith and fair dealing which applies to the insurer and insureds. Except as expressly admitted, Defendant denies the allegations of Paragraph 33.

34. In response to Paragraph 34 (erroneously numbered "39"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

35. In response to Paragraph 35 (erroneously numbered “40”), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect “a short and plain statement of the claim showing that the pleader is entitled to relief.” (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

36. In response to Paragraph 36 (erroneously numbered “41”), Defendant denies the allegations.

37. In response to Paragraph 37 (erroneously numbered “42”), Defendant denies the allegations.

38. In response to Paragraph 38 (erroneously numbered “43”), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect “a short and plain statement of the claim showing that the pleader is entitled to relief.” (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

39. In response to Paragraph 39 (erroneously numbered “44”), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect “a short and plain statement of the claim showing that the pleader is entitled to relief.” (Fed. R. Civ. Proc. 8(a).) To the extent a response is required, Defendant denies the allegations.

40. In response to Paragraph 40 (erroneously numbered “45”), Defendant denies the allegations. In addition, Plaintiffs are not permitted under federal law to name “DOE” defendants.

41. In response to Paragraph 41 (erroneously numbered “46”), Defendant denies the allegations.

42. In response to Paragraph 42 (erroneously numbered “47”), Defendant

denies the allegations.

43. In response to Paragraph 43 (erroneously numbered "48"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

44. In response to Paragraph 44 (erroneously numbered "49"), Defendant states that some the allegations do not require a response from Defendant because they are improper legal argument and conclusions of law, argumentative, and do not reflect "a short and plain statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. Proc. 8(a).)  To the extent a response is required, Defendant denies the allegations.

45. In response to Paragraph 45 (erroneously numbered "50"), Defendant incorporates by reference its responses to paragraphs 1 through 44, above, as though fully set forth herein.  Further, Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

46. In response to Paragraph 46 (erroneously numbered "51"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

47. In response to Paragraph 47 (erroneously numbered "52"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

48. In response to Paragraph 48 (erroneously numbered "53"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of

action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

49. In response to Paragraph 49 (erroneously numbered "54"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

50. In response to Paragraph 50 (erroneously numbered "55"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Insurance Code § 790.03 has been dismissed.  Defendant denies the allegations.

51. In response to Paragraph 51 (erroneously numbered "56"), Defendant incorporate by reference its responses to paragraphs 1 through 50, above, as though fully set forth herein.  Further, Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for Negligence has been dismissed. Defendant denies the allegations.

52. In response to Paragraph 52 (erroneously numbered "57"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Negligence has been dismissed.  Defendant denies the allegations.

53. In response to Paragraph 53 (erroneously numbered "58"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Negligence has been dismissed.  Defendant denies the allegations.

54. In response to Paragraph 54 (erroneously numbered "59"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Negligence has been dismissed.  Defendant denies the allegations.

55. In response to Paragraph 55 (erroneously numbered "60"), Defendant

incorporate by reference its responses to paragraphs 1 through 54, above, as though fully set forth herein. Further, Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Business and Professions Code § 17200 has been dismissed. Defendant denies the allegations.

56. In response to Paragraph 56 (erroneously numbered "61"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Business and Professions Code § 17200 has been dismissed. Defendant denies the allegations.

57. In response to Paragraph 57 (erroneously numbered "62"), Defendant objects to allegations in this paragraph on the ground that the purposed cause of action for violation of Business and Professions Code § 17200 has been dismissed. Defendant denies the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each and every purported cause of action contained therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

The causes of action attempted to be stated against Defendant and set forth in the Complaint are barred by all applicable contract and statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

The causes of action attempted to be stated against Defendant and set forth in the Complaint are barred by the terms, conditions, limitations, exclusions, definitions and/or endorsements contained in the insurance policy at issue in this litigation.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to satisfy all conditions precedent to his rights, if any, to benefits under the insurance policy at issue in this litigation.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff failed to mitigate, minimize, or avoid any damages he allegedly sustained, any recovery against Defendant must be reduced accordingly.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff has not suffered any damages as a result of any actions taken by Defendant, and Plaintiffs are thus barred from asserting the Complaint, or any purported claim, against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, estoppel, and unclean hands.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has at all times exercised due care concerning any actions, conduct, or other matters alleged in the Complaint, or any purported cause of action asserted therein.

**NINTH AFFIRMATIVE DEFENSE**

Defendant and its representatives acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is barred from any recovery in this action.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's coverage interpretations and claims handling were and are reasonable as a matter of law and were not and are not inherently unreasonable as a matter of law.

**ELEVENTH AFFIRMATIVE DEFENSE**

The Complaint and each cause of action therein fails to state sufficient facts to constitute a valid claim for attorneys' fees.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's injuries and damages, if any, were caused by the negligence and fault of others than Defendant, and such fault on the part of others proximately and concurrently caused or contributed to the loss and damages complained of by Plaintiff, if any there were.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Complaint fails to state facts sufficient to warrant an award of punitive or exemplary damages, and Plaintiff has failed to plead malice, fraud, and oppression with the specificity required under California Civil Code § 3294.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Complaint, to the extent it seeks punitive or exemplary damages against Defendant, violates Defendant's right to protection from "excessive" fines as provided in the Eighth Amendment to the United States Constitution and the Constitution of the State of California, violates Defendant's right to substantive due process and equal protection as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of California, and does not meet the tests for allowing punitive damages set forth by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003), *Philip Morris USA v. Williams*, 549 U.S. 346 (2007), and other cases, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The losses and damages allegedly sustained by Plaintiff, if any, were proximately caused by intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish Plaintiff's recovery, if any, against Defendant.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing to bring all, or at least some, of the claims asserted in the Complaint.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether there are additional, as yet unstated affirmatives defenses.  Thus, to the extent the Court may have jurisdiction herein, and subject to discovery in this action, Defendant expressly reserves its right to assert additional affirmative defenses.

WHEREFORE, defendant Safeco Insurance Company of America prays for relief as follows:

1. That Plaintiff take nothing by reason of the Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

2. That Defendant be awarded its costs incurred in defending this action;

3. That Defendant be granted such other and further relief as the Court may deem just and proper.

Dated:  September 15, 2023                MAYNARD NEXSEN LLP

By:   /s/ Nicholas J. Boos
      NICHOLAS J. BOOS
      MATTHEW A. CHIPMAN
Attorneys for Defendant SAFECO INSURANCE COMPANY OF AMERICA

VERIFICATION TO FOLLOW

## PROOF OF SERVICE

STATE OF CALIFORNIA )
COUNTY OF SAN FRANCISCO )

I am employed in the County of San Francisco, State of California. I am over the age of 21 and am not a party to the within action. My business address is Maynard Nexsen LLP, Two Embarcadero, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA'S ANSWER TO COMPLAINT**

**[X] BY CM/ECF ELECTRONIC SERVICE:** The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

Jack Sogoyan (SBN 299457)
ZWIRN, GEVORKYAN & SOGOYAN LLP
3504 W. Magnolia Blvd.,
Burbank, CA 91505
Tel: (818) 928-5000
Fax: (818) 928-2104

*Attorney for Plaintiff Nicholas Wright*

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 15, 2023, in San Francisco, California.

Yolanda Nesbitt